29576. STILL *v.* THE STATE.

DECIDED OCTOBER 9, 1942.

*John I. Kelley, Philip E. Vrooman,* for plaintiff in error.
*Alton G. Liles, solicitor, C. C. Pittard,* contra.

BROYLES, C. J. L. F. Still was convicted of the offense of cheating and swindling, and assigns error on the overruling of his motion for new trial. The solicitor-general states in his brief that the accusation was founded on the Code, § 26-7410. That section reads as follows: "Any person using any deceitful means or artful practice, other than those which are mentioned in Part XII of this title, by which an individual, or a firm, or a corporation, or the public is defrauded and cheated, shall be punished as for a misdemeanor." The accusation charged that on January 21, 1941, Jack Morgan, A. Salzman, L. F. Still and Leroy Still, knowingly and wilfully, with intent to defraud Mrs. Mary Claridy, by deceitful means and artful practices, made certain false and fraudulent representations to her (the representations being set out in full in the accusation); that said representations did deceive and defraud her and that, relying upon them, she "signed said credit application and note, as aforesaid, in the sum of $574.89, to her loss and damage in the sum of $574.89." L. F. Still was tried separately. The evidence for the State would have authorized a finding that the alleged false and fraudulent representations were made to Mrs. Claridy by Jack Morgan and A. Salzman, but the same evidence disclosed, without contradiction from any other evidence, that L. F. Still, the defendant in this case, made no such representations to Mrs. Claridy, and was not present when they were made to her by Jack Morgan and A. Salzman. And the circumstantial evidence in the case was not sufficient to authorize the jury to find, to the exclusion of every other reasonable hypothesis save that of his guilt, that the defendant had conspired with Morgan and Salzman to defraud Mrs. Claridy, or that he had knowingly and wilfully aided and abetted them in their alleged scheme to cheat and swindle her. It fol-

lows that his conviction was unauthorized and that the court erred in denying him a new trial.

*Judgment reversed.* *MacIntyre and Gardner, JJ., concur.*